**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Benny Cuauhtemoc COVARRUBIAS,**
**Defendant–Appellant.**

**No. 07–30426.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 19, 2008.

Filed Dec. 3, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Geoffrey A. Barrow, Assistant U.S., Stephen Francis Peifer, Assistant U.S., Office of the U.S. Attorney, Portland, OR, for Plaintiff–Appellee.

Steven J. Sherlag, Esquire, Law Offices of Steven J. Sherlag, Portland, OR, for Defendant–Appellant.

Before: W. FLETCHER and FISHER, Circuit Judges, and BREYER, District Judge.[*]

### MEMORANDUM [**]

Benny Cuauhtemoc Covarrubias appeals his conviction for conspiracy to distribute and possession with intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II) and 846. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Covarrubias does not dispute that the officer who stopped him for speeding, Deputy Sheriff Daniel Hoslett, had probable cause to do so, but argues that the officer did not have reasonable suspicion or probable cause to prolong the length of the stop and to search the vehicle for drugs. Covarrubias concedes, however, that the joint task force that was investigating him had probable cause to stop his vehicle and search it for cocaine. The joint task force requested that the King's County Sheriff's Department look for Covarrubias' vehicle because it believed he had drugs in the car. The Sheriff's Department's on-duty officer transmitted the request to Hoslett, who understood that he was being asked to conduct a "walled off" stop of Covarrubias' vehicle for the purpose of searching it for drugs. "Where one officer knows facts constituting reasonable suspicion or probable cause (sufficient to justify action under an exception to the warrant requirement), and he communicates an appropriate order or request, another officer may conduct a warrantless stop, search, or arrest without violating the Fourth Amendment." *United ed States v. Ramirez,* 473 F.3d 1026, 1037 (9th Cir.2007). We thus conclude that the length of the stop and the search were justified.

**AFFIRMED.**

---

[*] The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.